T.C. Memo. 2018-33

UNITED STATES TAX COURT

ANDREW G. SHANK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1752-17.                                    Filed March 20, 2018.

<u>Olufolajimi A. Kolawole</u>, for petitioner.

<u>Nancy M. Gilmore</u> and <u>David A. Indek</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2014, the Internal Revenue Service (IRS or respondent) determined a deficiency of $4,485.  Petitioner concedes that he received during 2014, but did not report on his Federal income tax return, a distribution of $27,745 from his individual retirement account (IRA).  The question presented is whether he had any "basis" in this

**[*2]** account, i.e., whether he made investments in the account with nondeductible contributions. We conclude that he has established basis for a portion of the distribution, but that respondent correctly determined the bulk of it to be taxable.

## FINDINGS OF FACT

The parties filed a stipulation of facts with attached exhibits that is incorporated by this reference. Petitioner resided in Maryland when he filed his petition.

In the late 1990s petitioner established an IRA account with Legg Mason, an investment management firm headquartered in Baltimore, Maryland. Petitioner has retained no tax or business records from that period, and he has only a vague recollection of the relevant events. However, he credibly testified that he was a "high wage earner" during those years and that he was unable to claim a deduction for his initial investment in the IRA account. From his testimony we infer that he was an active participant in a qualified plan and that the deductibility of his IRA contributions was completely phased out under the adjusted gross income (AGI) limitation of section 219(g).[1]

---

[1]Except as otherwise noted, all statutory references are to the Internal Revenue Code (Code) in effect for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*3]**   At a time not disclosed by the record, petitioner's IRA account moved from Legg Mason to Citibank.  Sometime during 2012 the IRA account moved from Citibank to Morgan Stanley Smith Barney LLC (Morgan Stanley).  During 2014 petitioner withdrew the entire balance of the account, receiving a distribution of $27,745.

Morgan Stanley supplied petitioner and the IRS with Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.  This form reported the amount of the distribution; indicated that it was a distribution from an IRA; listed distribution code 7 ("normal distribution"); and stated that the "taxable amount [was] not determined."  The instructions for the recipient stated that "the payer was unable to determine the taxable amount" and emphasized that "[i]t is your responsibility to determine the taxable amount."

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2014.  He did not report the $27,745 IRA distribution on this return.  Alerted by computer document matching, the IRS selected petitioner's 2014 return for examination.  On March 1, 2016, the IRS issued him a timely notice of deficiency, determining that the entire distribution was taxable because he had failed to establish

**[*4]** his basis in the IRA account.[2]  He timely petitioned this Court for redetermination of the deficiency.

## OPINION

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  The taxpayer bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of claimed deductions.  <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.  Petitioner does not contend, and he could not plausibly contend, that the burden of proof should shift to respondent under section 7491(a).

Subject to various limitations, a deduction is allowed for contributions to an IRA for the taxable year.  Sec. 219(a).  Section 408(o)(1) also permits "designated nondeductible contributions" to an IRA.  The maximum amount of a nondeductible contribution cannot exceed "the amount allowable as a deduction under section 219."  Sec. 408(o)(2)(B)(i)(II).  Between 1990 and 1998, the period during which petitioner made his initial IRA investments, the annual limit on deductible

---

[2]The IRS also determined that petitioner had underreported, by $7,535, the taxable portion of an $18,803 Social Security distribution.  This adjustment is computational and is not in dispute.

**[*5]** IRA contributions, and thus the cap on nondeductible contributions, was $2,000. See sec. 219(b)(1)(A) (1990); id. (1998).

A taxpayer who makes a nondeductible IRA contribution is required to include with his return a form that reports (among other things) "the amount of designated nondeductible contributions for the taxable year." Sec. 408(o)(4)(B)(i). The Secretary has prescribed for this purpose Form 8606, Nondeductible IRAs. Petitioner does not have copies of any tax returns that he filed during the 1990s. Respondent's counsel attempted to obtain archived copies of these old returns but was unable to do so.

Although the documentary record is sparse, it contains a few useful clues. Petitioner produced a Citibank account summary for his IRA dated February 2006 that shows a total portfolio value of $21,406. This statement shows that the assets in the account were initially purchased, sometime before June 1998, for an aggregate cost of $4,760. The statement shows no other contributions by petitioner. Rather, the rest of the account value consisted of "reinvestments to date" comprising dividends, short-term gains, and long-term gains.

Counsel for respondent was able to retrieve from the IRS database copies of all third-party reports the IRS had received for petitioner from 2007 through 2013. These include Forms 5498, Individual Retirement Arrangement Contribution In-

**[\*6]** formation, provided by Citibank and Morgan Stanley for each of these years. These forms confirm that petitioner's IRA account was a regular IRA, not a Roth IRA. They show that the value of his IRA account between 2007 and 2014 ranged from a low of $11,877 (during the 2008 financial crisis) to a high of $27,915. And they show that petitioner made no contributions (or rollover contributions) to this IRA account for any year between 2007 and 2013.

Where a taxpayer with inadequate business records proves that he incurred certain expenses but cannot substantiate the exact amount, the Court in appropriate circumstances may estimate the amount allowable. See Cohan v. Commissioner, 39 F.2d 540, 542-544 (2d Cir. 1930). This Court has applied the Cohan rule or similar principles to estimate a taxpayer's basis in property. See, e.g., Ternovsky v. Commissioner, 66 T.C. 695, 698 (1976); Alameda Realty Corp. v. Commissioner, 42 T.C. 273, 283 (1964); Huzella v. Commissioner, T.C. Memo. 2017-210, at \*7-\*9; Wheeler v. Commissioner, T.C. Memo. 2014-204, 108 T.C.M. (CCH) 388, 390 ("In certain circumstances, we may use the Cohan rule to estimate a taxpayer's basis in an asset."). But "[i]n order for the Court to estimate basis, the taxpayer must provide some 'reasonable evidentiary basis' for the estimate." Wheeler, 108 T.C.M. (CCH) at 390 (citing Grp. Admin. Premium Servs., Inc. v. Commissioner, T.C. Memo. 1996-451). In making such an estimate the Court "bear[s] heavily

**[\*7]** \* \* \* upon the taxpayer whose inexactitude is of his own making." <u>Cohan</u>, 39 F.2d at 544.

Given that more than 20 years have passed since petitioner made his initial IRA investments, the absence of a clear documentary record is understandable. We found credible petitioner's testimony that his initial IRA investments consisted of nondeductible contributions. The sum of those initial contributions, however, was only $4,760, and the record establishes that he made no additional contributions after his initial investment. Rather, the balance of the $27,745 distributed to him in 2014, or $22,985, consisted of reinvested dividends and capital gains that accumulated free of Federal income tax inside the IRA. Petitioner's basis in his IRA account was thus limited to $4,760, and the IRS correctly determined that the balance of the distribution was taxable. <u>See</u> sec. 408(d)(1) (providing generally that "any amount paid or distributed out of an individual retirement account shall be included in gross income"); sec. 408(d)(2) (cross-referencing section 72(b)(1) (excluding from gross income the taxpayer's "investment in the contract")).

To reflect the foregoing,

<u>Decision will be entered</u>
<u>under Rule 155</u>.